Contracts; surplus property. — Plaintiff sues to recover its losses when the Government cancelled part of its contract to sell to plaintiff surplus quinine sulfate. The contract had provided that plaintiff should take equal portions of the surplus quinine in five succeeding years and the contract was specifically made subject to the provisions of the Strategic and Critical Materials Stock Piling Act of 1939, 50 U.S.C. § 98. The contract contained a provision limiting the Government’s liability to the extent that the measure of the Government’s liability to the' purchaser should not exceed the purchase price which the Government has received when a return of the property to the Government is authorized by the Government. In order to maintain stock piles of quinine at an adequate level, the Administrator of General Services was ordered by the Executive Office of the President to defer making further disposals of quinine and to conserve the remaining stocks. Accordingly, plaintiff was asked to agree to a mutual no-cost termination of the contract in the interests of the national defense. Plaintiff refused to agree and General Services Administration notified plaintiff that it would make no more deliveries under the contract and was *1268 therefore cancelling it. The bid deposit on the undelivered quinine was returned to the plaintiff who thereupon instituted this suit for the loss of its bargain. Defendant contends that under the ruling of this court in Freedman v. United States, 162 Ct. Cl. 390, 320 F. 2d 359 (1963), the defendant is privileged to terminate a surplus sales contract where it can show an urgent need for the surplus property covered by the contract and that its liability to the purchaser will not exceed the contract price. The case came before the court on defendant’s motion for summary judgment. Upon consideration thereof and without oral argument, the court concluded that plaintiff had raised no litigable issue regarding the reality of the defendant’s need for the surplus quinine and on the basis of Freedman v. United States, supra, and Benjamin v. United States, 172 Ct. Cl. 118, 348 F. 2d 502 (1965), plaintiff is not entitled to recover. On January 7, 1966, the court ordered that defendant’s motion be granted and the petition was dismissed. Plaintiff’s petition for a writ of certiorari was denied May 23,1966, 384 U.S. 951.